# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Sharon P. Hampton<br>　　　　　　　Debtor(s) | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　　　　Movant<br>　　vs.<br>Sharon P. Hampton<br>　　　　　　　Debtor(s)<br>William C. Miller, Esq.<br>　　　　　　　Trustee | NO. 16-14342 AMC<br><br>11 U.S.C. Section 362 |

## MOTION TO OBTAIN RELIEF FROM THE AUTOMATIC STAY
## TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**Toyota Motor Credit Corporation** ("Movant") files this herein Motion for Relief from the Automatic Stay ("Motion"), and in support thereof, would respectfully show:

1.　On June 16, 2016, Debtor(s) filed a petition under Chapter 13 of the Bankruptcy Code.

2.　This Court has jurisdiction of the Motion by virtue of 11 U.S.C. Sections 105, 361 and 362 and 28 U.S.C. Sections 157 and 1334.

3.　Movant is the holder of a Vehicle Retail Installment Contract ("Agreement"), through which Debtor(s) purchased on credit a 2010 TOYOTA COROLLA with VIN#: 2T1BU4EE8AC296417 ("Vehicle"), which Vehicle is still owned by Debtor(s), and through which Debtor(s) granted to the holder of said Agreement a security interest in the Vehicle to secure the payment obligations of the Debtor(s) under the Agreement. A true and correct copy of the Agreement is attached hereto as Exhibit "A".

4.　Movant's right to repayment from the Debtor(s) under the Agreement is secured by a properly perfected first lien security interest in the aforesaid Vehicle. True and correct copies of the electronic title indicating proper perfection of Movant's security interest is attached hereto as Exhibit "B".

5.　By virtue of the above, Movant is the holder of a secured claim against Debtor(s), as reflected in the proof of claim filed by Movant on August 12, 2016.

6.　Debtor's Chapter 13 Plan filed on August 25, 2017 provides that no payments shall be

made toward the claim of the Secured Creditor, due to the Debtor's surrender of the Vehicle to the Secured Creditor. A copy of Debtor's Chapter 13 Plan is attached hereto as Exhibit "C".

7. Debtor(s) has/have failed to make monthly payments due under the Agreement post-petition in the amount of $277.02 per month for the months of July 2016 through August 2017.

8. Debtor(s) is/are in default under the Agreement by failing to make payments when due.

9. The amount necessary to cure the post-petition default under the Agreement is $3,878.28.

10. Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. Section 362(d)(1) for the reasons set forth above, and because Movant's security interest in the Vehicle is not adequately protected as evidenced by the following:

    (a) Debtor(s) have defaulted under the terms of the Agreement by failing to make installment payments when due and owing thereunder;
    (b) The Vehicle and the value of the Vehicle are in a state of decline and continue to decline.

11. The Movant hereby requests a waiver of Bankruptcy Rule 4001(a)(3).

12. This motion and the averments contained herein do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this motion, including fees and costs, due under the terms of the Agreement and applicable law.

WHEREFORE, Movant requests that, upon final hearing of this Motion, (1) the automatic stay be terminated as to Movant to permit Movant to seek its contractual, statutory and other available remedies for the Debtor's default, (2) Movant be permitted to obtain possession of the Vehicle to the exclusion of Debtor(s), to the full extent of its rights under the Agreement and non-bankruptcy law, (3) Movant be granted such other and further relief, at law or in equity as is just.

Respectfully submitted,

Dated: September 20, 2017

/s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
Thomas Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322 Fax: (215) 627-7734
Attorneys for Movant