IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

IN RE:                                              :        Bankruptcy No. 16-14342
                                                    :
SHARON P. HAMPTON,                                  :
                    Debtor                          :        Chapter 13

## STIPULATION AND CONSENT ORDER

AND NOW, this 28th day of February, 2018 Sharon P. Hampton and CBS BKAP, LP, by and through their respective counsel, hereby stipulate and agree as follows:

1. Creditor. CBS BKAP, LP is a Delaware limited partnership with an address of 294 Union Street, Hackensack, New Jersey 07601 ("Creditor").

2. Debtor. Sharon P. Hampton is an adult individual with an address of 3029 Fontain Street, Philadelphia, Pennsylvania 19121 ("Debtor").

3. Bankruptcy Petition. On June 16, 2016 the Debtor voluntarily filed this Chapter 13 bankruptcy proceeding.

4. Motion for Relief. On January 18, 2018 the Creditor filed a Motion for Relief from Automatic Stay to Exercise its State Court Remedies against Debtor's Real Estate located at 3029 West Fontain Street, Philadelphia, Pennsylvania ("Motion"), to which the Debtor filed an Answer on February 6, 2018 ("Answer").

5. Stipulation. In an effort to avoid the uncertainty and expense of litigating the issues raised in the Motion and the Answer, the parties have agreed to enter into this Stipulation and Consent Order ("Stipulation"). (Any capitalized term used herein without definition will have the meaning ascribed to it in the Motion unless the context clearly requires otherwise.)

6. The outstanding amount due under the Note as of February 22, 2018 is as follows:

| | |
|---|---|
| Outstanding Principal Balance: | $17,438.30 |
| Accrued Interest through 2/22/18: | $ 2,479.29 |
| Late Charges through 2/22/18: | $   423.63 |
| Real Estate Taxes Paid (1/18): | $ 3,264.49 |
| Total Amount Due through 2/22/18: | $23,605.71 |

The Debtor is responsible for all additional accrued interest and late fees, as well as for reimbursing the Creditor for its legal fees and collection costs incurred in this matter in accordance with the terms of the Note and Mortgage.

7. <u>Post-Petition Payments</u>.  The Debtor owes the following post-petition payments (collectively, the "Total Post-Petition Amount Due"):

| Payment Due Date | Amount |
|---|---|
| 7/1/16 | $ 156.90 |
| 8/1/16 | $ 156.90 |
| 9/1/16 | $ 156.90 |
| 10/1/16 | $ 156.90 |
| 11/1/16 | $ 156.90 |
| 12/1/16 | $ 156.90 |
| 1/1/17 | $ 156.90 |
| 2/1/17 | $ 156.90 |
| 3/1/17 | $ 156.90 |
| 4/1/17 | $ 156.90 |
| 5/1/17 | $ 156.90 |
| 6/1/17 | $ 156.90 |
| 7/1/17 | $ 156.90 |
| 8/1/17 | $ 156.90 |
| 9/1/17 | $ 156.90 |
| 10/1/17 | $ 156.90 |
| 11/1/17 | $ 156.90 |
| 12/1/17 | $ 156.90 |
| 1/1/18 | $ 156.90 |
| 2/1/18 | $ 156.90 |
| | $3,138.00 |

| | |
|---|---|
| Late Charges (19 @ $15.69 each): | $ 298.11 |
| Real Estate Tax Payment (January 2018): | $3,264.49 |
| Post-Petition Payments Received: | $ (456.00) |
| Total Post-Petition Amount Due: | $6,244.60 |

8. Payments.

a. Commencing March 1, 2018 and continuing on or before the same day of every consecutive month thereafter until the Total Post-Petition Amount Due is paid in full, the Debtor will pay to the Creditor monthly payments in the amount of $400.00 each. The payments will be applied first to the regular monthly post-petition payment due on the Note in the month the payment is received ($156.90), then to any post-petition late charges for that month, and then to the Total Post-Petition Amount Due.

b. All payments must be in the form of cash or other immediately-available funds and sent to the following address: FCI Lender Services, Inc., P.O. Box 27370, Anaheim, California 92809-0112. The Debtor's account number should be placed on all payments.

9. Additional Covenants.

a. The Debtor will pay all post-petition taxes on the real estate located at 3029 West Fontain Street, Philadelphia, Pennsylvania ("Real Estate") no later than the respective due date(s) of said taxes.

b. The Debtor will keep and maintain the Real Estate in good condition, normal wear and tear excepted, and will allow the Creditor, or its authorized representative(s), access to the Real Estate for the purpose of inspecting and appraising said property in accordance with the terms of the Mortgage.

c. The Debtor is responsible for reimbursing the Creditor for all advances made to preserve and protect the Creditor's rights in the Real Estate (together with interest on said amounts) and for post-petition legal fees and costs incurred in this matter in accordance with the terms of the Note and Mortgage.

   d. All representations, warranties, covenants, and agreements contained in the Note and Mortgage (collectively, the "Loan Documents"), including all rights and remedies of the Creditor, will continue in full force and effect, except as modified as a result of this bankruptcy proceeding or the terms of this Stipulation.

  10. <u>Release and Waiver</u>. The Debtor waives, releases, and forever discharges the Creditor from and against any and all rights, claims, or causes of action against the Creditor arising out of the Creditor's action or inaction with respect to the obligations due the Creditor, as well as any and all rights of set-off, defenses, claims, causes of action and any other bar to the enforcement of the collection of the obligations due the Creditor or any provisions contained in the Loan Documents up to the date hereof.

  11. <u>Default</u>. The occurrence of any of the following events shall constitute an event of default hereunder ("Event of Default"):

   a. The Debtor fails to comply with the terms of this Stipulation or otherwise defaults on the terms of the Loan Documents (except as specifically modified herein);

   b. The Debtor fails to abide by a Bankruptcy Court Order or otherwise fails to comply with his obligations under the Bankruptcy Code (11 U.S.C. § 101 <u>et seq</u>.);

   c. The Debtor files a motion seeking to dismiss or convert this bankruptcy case to a Chapter 7 case; or

   d. This Chapter 13 case is converted to a Chapter 7 case.

  12. <u>Remedies</u>. Upon the occurrence of an Event of Default hereunder and following five (5) days' written notice and opportunity to cure sent to the Debtor via first class mail and Debtor's attorney via facsimile or electronic mail, the Creditor may file a Certificate of Default with the Bankruptcy Court whereupon the Creditor shall be entitled to have an Order entered,

substantially in the form attached hereto as Exhibit A, vacating the automatic stay with respect to the Real Estate. Notwithstanding the foregoing, no notice and opportunity to cure period shall apply if an Event of Default occurs under Paragraphs 11c or 11d above. The Debtor will be entitled to no more than two (2) notices of default in any calendar year.

13. <u>Additional Remedies.</u> Except as otherwise expressly set forth herein, nothing in this Stipulation shall prohibit the parties hereto from protecting and enforcing their rights and remedies under the Bankruptcy Code.

14. <u>Survival.</u> The covenants and agreements of the Debtor set forth in this Stipulation will survive any dismissal or other termination of this bankruptcy case.

15. <u>Counterparts.</u> This Stipulation may be executed in two (2) or more counterparts each of which shall be deemed an original (including facsimile signatures); and all such counterparts shall be deemed to be one and the same instrument.

16. <u>Binding Effect.</u> The terms of this Stipulation shall be binding upon the Debtor pending approval by the Bankruptcy Court.

IN WITNESS WHEREOF, the undersigned have caused this Stipulation to be executed on the date set forth above.

_____
David M. Offen, Esquire
Attorney for Sharon P. Hampton

KOZLOFF STOUDT
By: _____
Charles N. Shurr, Jr., Esquire
Attorney for CBS BKAP, LP

AND NOW, this 5th day of March, 2018 this Stipulation and Consent Order is hereby approved and entered as an Order by the Bankruptcy Court.

_____
Ashely M. Chan
United States Bankruptcy Judge

## EXHIBIT A

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

IN RE:                                  :        Bankruptcy No. 16-14342
                                        :
SHARON P. HAMPTON,                      :
            Debtor                      :        Chapter 13

### ORDER FOR RELIEF FROM STAY

AND NOW, this _____ day of _____, 2018, this matter having been brought before the Court upon the Certificate of Default filed by CBS BKAP, LP, for good and sufficient cause shown, it is hereby

ORDERED that the automatic stay provided by §362 of the Bankruptcy Code is vacated as to CBS BKAP, LP ("Creditor") with respect to the Debtor's real estate located at 3029 West Fontain Street, Philadelphia, Pennsylvania ("Real Estate"), so that the Creditor may exercise its state court remedies with respect to the Real Estate, including, without limitation, executing against the Real Estate; and it is

FURTHER ORDERED that the net proceeds from such actions, either by judicial process or otherwise, may be applied against the indebtedness of the Debtor to the Creditor; and it is

FURTHER ORDERED that the fourteen (14) day period under Fed. R. Bankr. P. 4001(a)(3) shall not apply.

                                        BY THE COURT:

                                        _____
                                        Ashely M. Chan
                                        United States Bankruptcy Judge

Copies To:    See Attached Service List.

## ORDER SERVICE LIST

Sharon P. Hampton
3029 Fontain Street
Philadelphia, PA 19121

David M. Offen, Esquire
The Curtis Center
601 Walnut Street
Suite 160 West
Philadelphia, PA 19106

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street
Suite 1813
Philadelphia, PA 19107

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Charles N. Shurr, Jr., Esquire
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA 19610